```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

           Plaintiff,

                                **HONORABLE AVERN COHN**

   v.

                                **No. 16-20414-13**

**RANDY STEWART,**

           Defendant.
_____/

**SENTENCING HEARING**

**Friday, July 28, 2017**

Appearances:

```
Benjamin Coats                  Haralambos D. Mihas
U.S. Attorney's Office          Haralambos D. Mihas, Law Offices
211 W. Fort Street, #2300       467 Eureka Road, #1
Detroit, Michigan  48226        Wyandotte, Michigan  48192
(313) 226-9100                  (734) 692-3033
  On behalf of Plaintiff          On behalf of Defendant
```

                              -   -   -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 219*
*Detroit, Michigan  48226*
*(313)234-2604 · ward@transcriptorders.com*

*Transcript produced using machine shorthand and CAT software.*

*Sentencing Hearing*
*Friday, July 28, 2017*

**I N D E X**

| Proceedings | Page |
|---|---|
| Sentencing Hearing | 3 |
| Allocution by Mr. Mihas | 8 |
| Allocution by The Defendant | 8 |
| Allocution by Mr. Coats | 8 |
| Sentence of the Court | 9 |
| Motion to Dismiss By Mr. Coats | 11 |
| Certification of Reporter | 11 |

- - -

**E X H I B I T S**

| Number | Description | Id'd | Rcvd | Vol. |
|---|---|---|---|---|

\*\*\*None Marked, Offered or Received\*\*\*

- - -

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 3

1   Detroit, Michigan
2   Friday, July 28, 2017
3   2:05 p.m.
4   - - -
5   **THE CLERK:**  Case Number 16-20414,
6   *United States of America v. Randy Stewart*, Defendant 13.
7   **MR. COATS:**  Good afternoon, Your Honor.
8   Benjamin Coats for the United States.
9   **MR. MIHAS:**  Good afternoon, Your Honor.
10  Haralambos Dimitrios Mihas on behalf of my client.
11  **THE COURT:**  Mr. Stewart, you are before the Court for
12  sentencing on your plea of guilty to engaging in a Conspiracy
13  to Distribute and to Possess with Intent to Distribute a
14  controlled substance, Count One of the indictment.
15     I have received a Presentence Report from the Probation
16  Office, which scores you at an Offense Level of 27, a Criminal
17  History Category of IV, which calls for a Guideline Range of
18  100 to 125 months.
19     Under your plea agreement the Guideline Range is 87 to
20  108 months with an agreement that you be sentenced to
21  60 months.
22     Just from what I said, does anyone have any additions,
23  deletions or corrections?
24  **MR. COATS:**  Your Honor, I believe the Court has
25  stated it correctly.  I would add only that the plea agreement

*16-20414-13; U.S.A. v. Randy Stewart*

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 4

1  contemplates a situation in which we calculated his criminal
2  history category wrong, which is what happened here.  We said
3  it was a III and it was a IV so the plea agreement provides
4  that the higher guideline range would become the agreed range
5  under those circumstances so then the parties' agreed range
6  would be the same as Probation's agreed range, 100 to
7  125 months, but our recommendation for the 60-month specific
8  sentence remains in place.
9              **THE COURT:**  What do you have to say?
10             **MR. MIHAS:**  Your Honor, he's well stated it.
11             **THE COURT:**  What?
12             **MR. MIHAS:**  I agree with the Government.
13             **THE COURT:**  Okay.  That's it?
14             **MR. MIHAS:**  We would ask you to acknowledge and
15 enforce the sentence of 60 months that we have agreed to.
16             **THE COURT:**  Okay.  Mr. Coats, I don't want to correct
17 your rhetoric.  You don't suggest 60 months.  You say
18 60 months, period.
19             **MR. COATS:**  That's correct, Your Honor.
20             **THE COURT:**  With no explanation of how you arrived at
21 60 months.  The reason I mention this is I believe he -- is he
22 the first of the defendants to be sentenced?
23             **MR. COATS:**  Yes, he is, Your Honor.
24             **THE COURT:**  Okay.  So this is sort of like a
25 benchmark?

*16-20414-13; U.S.A. v. Randy Stewart*

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 5

1  **MR. COATS:** You mentioned that at the plea hearing,
2  Your Honor, and I disagreed with you then. Respectfully,
3  Mr. Stewart's situation is different from pretty well every
4  other defendant.
5  **THE COURT:** Why?
6  **MR. COATS:** For one thing, Your Honor, he was in
7  custody beginning on February 6, 2016, which is before the DEA
8  investigation really even got started. So our knowledge
9  relating to his involvement in this conspiracy and his
10 connection to the overdoses and the deaths, that's all
11 different for him because the other people who are in this case
12 were not in custody while the DEA was conducting its
13 investigation, they were identified through that investigation,
14 and so what they were doing was different. It involved the
15 fentanyl --
16 **THE COURT:** Are you suggesting that his sentence of
17 60 months is too low of a benchmark?
18 **MR. COATS:** Your Honor, I'm just suggesting that it
19 is --
20 **THE COURT:** I mean, this is purely academic.
21 **MR. COATS:** I'm not suggesting that it's too low or
22 too high. I'm just saying that I don't think the Court's
23 future decisions will be bound in a restrictive way by the
24 60-month sentence that's imposed here today.
25 **THE COURT:** Do you know how many judges -- whether

*16-20414-13; U.S.A. v. Randy Stewart*

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 6

1 there are any judges in this district that refuse to recognize
2 11(c)(1)(C) pleas?
3     **MR. COATS:** I don't know of any judges here. There
4 very well may be, but I don't know of any judges here that
5 refuse to accept "C" pleas.
6     **THE COURT:** Okay. But how did you get the 60 months?
7     **MR. COATS:** Your Honor, it was negotiated among the
8 parties. I can say that 60 months is -- it's the same thing
9 that Dennis Jones pled to. It's the same thing that a person,
10 I think it's Javon Brown, one of the other defendants in this
11 case, pled to.
12     It would have been the mandatory minimum for the drug
13 quantity that he had. We took a look at his criminal history,
14 we took a look at the offense conduct, and I think we can say
15 that based on our view of the evidence Mr. Stewart was a
16 regular member of this conspiracy. He was --
17     **THE COURT:** For a relatively short period of time.
18     **MR. COATS:** I don't know that I can say -- I suppose,
19 yes, relative to the charged conspiracy, which is a number of
20 years. We really only established that he participated in it
21 for a number of months.
22     But recall the scale that this organization was operating
23 at. Each day would involve dozens, if not hundreds, of
24 deliveries of individual doses of heroin to customers, and so
25 any person working a full day with this organization actually

*16-20414-13; U.S.A. v. Randy Stewart*

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 7

1  distributed a surprising amount of heroin, and to do it every
2  day for a period of months involves you, as this defendant was
3  involved in, involves you in a pretty significant quantity of
4  drugs.
5  However, he, he was arrested in February of 2016 for
6  conduct related to this conspiracy. He has served a
7  significant amount of time in state custody already. Now, that
8  time was really mostly on a probation violation so it's not
9  exactly for that February 2016 conduct, but we felt that he
10 should receive credit for serving that time, for being one of
11 the first people to come in and plead guilty in this case and
12 that he should receive some credit for that as well, and that
13 his guidelines 100 to -- we thought at the time were 87 to 108.
14 We thought that those were a little high and so we were willing
15 to come down off of those, at least we came down 27 months from
16 the bottom of those guidelines, and then we believe that
17 60 months is a fair sentence.
18 **THE COURT:** Thank you.
19 You, sir, may address the Court or your lawyer may address
20 it, both of you can tell me what you want, the government can
21 respond, but let's be mindful that the Court has been displaced
22 in the sentencing process by the agreement of the parties so
23 the Court really plays no role in the sentencing process other
24 than simply enunciating the sentence.
25 Go ahead.

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 8

1     **MR. MIHAS:** Your Honor, I appreciate that you have
2 acknowledged our agreement. I appreciate that you have
3 acknowledged our agreement. I ask you to enforce the agreement
4 as it is. We will be asking for specific language so that the
5 530-some odd days that my client has served in state custody
6 can be credited to him, and aside from that, I will allow my
7 client to speak, to address the court.
8     **THE DEFENDANT:** My name is Randy Stewart. I just
9 want to apologize to my mother, the Government, everything for
10 the crimes that I committed and I'm sorry for them.
11     **THE COURT:** Thank you.
12   Does the Government have anything?
13     **MR. COATS:** Just to place on the record, Your Honor,
14 and I'm going to hand a copy of this to the probation officer
15 so that this language can be included in the J and C, but it's
16 our understanding that from the Sentence Computation Center of
17 the Bureau of Prisons that this defendant's judgment needs to
18 include language like:
19       "For any prior custody time not credited by the
20       Bureau of Prisons under Title 18 United States Code
21       Section 3585, Subsection B, the Court applies U.S.
22       Sentencing Guideline 5G1.3 to adjust the sentence for
23       the defendant to receive all prior custody credit
24       beginning on February 6, 2016."
25   And that's the date that we would ask the Court and the

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 9

1  Bureau of Prisons to use for calculating the credit that he
2  should receive for time served.
3          **THE COURT:** And that time from February 6, 2016?
4          **MR. COATS:** Yes, Your Honor.
5          **THE COURT:** What's the significance of that
6  particular day?
7          **MR. COATS:** On February 6, 2016 this defendant was
8  arrested delivering heroin on behalf of the Polo organization.
9          **THE COURT:** Okay. And that time will be credited
10 against the 60 months of the sentence?
11         **MR. COATS:** Yes, Your Honor. It's my understanding
12 that essentially it will be as if the Court's 60-month sentence
13 started on February 6, 2016 so that he will get credit for that
14 time and it will be included in a good time calculation, any
15 reduction that comes in that.
16         **THE COURT:** Thank you. You give that to the clerk,
17 not the probation officer --
18         **MR. COATS:** Yes, Your Honor.
19         **THE COURT:** -- because the clerk is the one that
20 creates the judgment. Thank you.
21     It is sentence of the Court you be sentenced -- it is the
22 sentence of the Court that you be committed to the Bureau of
23 Prisons for a term of 60 months, to be followed by three years
24 of supervised release under the standard terms and conditions
25 of this district and that a special assessment of $100 be

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 10

1    imposed.
2         The Marshals are to know if you return him to State
3    custody you have to do it with a detainer because his State
4    sentence expires I think August 6th.  If you keep him and don't
5    return him until after August 6, the State will simply turn
6    around and release him to you.  But that's up to the Marshals.
7    It's not up to the Court.
8              **MR. COATS:**  Your Honor, the parties discussed this.
9    It's my understanding Mr. Stewart would like to remain in
10   federal custody and just be administratively discharged on the
11   State sentence, which is what we understand will happen, and so
12   we won't release the writ at his request and then his federal
13   sentence will just start now.
14             **PROBATION OFFICER:**  Your Honor, a couple things from
15   Probation.
16             **THE COURT:**  Go ahead.
17             **PROBATION OFFICER:**  Will the Court waive the fines
18   and costs of incarceration?
19             **THE COURT:**  Fines, et cetera, are waived.
20             **PROBATION OFFICER:**  Mandatory drug testing, will the
21   Court impose mandatory drug testing or suspend it?
22             **THE COURT:**  No, if necessary.
23             **PROBATION OFFICER:**  Thank you, Your Honor.
24             **THE COURT:**  Thank you.
25             **MR. MIHAS:**  Thank you, Your Honor.

*16-20414-13; U.S.A. v. Randy Stewart*

*Sentencing Hearing*
*Friday, July 28, 2017*

Page 11

1       **MR. COATS:** Thank you, Your Honor.
2   Your Honor, the Government moves to dismiss the remaining
3 counts of the Second Superseding Indictment --
4       **THE COURT:** What counts?
5       **MR. COATS:** -- against this defendant, I'm sorry.
6       **THE COURT:** Whatever they are?
7       **MR. COATS:** Yes, Your Honor.
8       **THE COURT:** Okay.  Thank you.
9       **MR. MIHAS:** Thank you, Your Honor.
10   (Proceedings concluded at 2:17 p.m.)
11                       - - -
12             **C E R T I F I C A T I O N**
13   I certify that the foregoing is a correct transcription of
14 the record of proceedings in the above-entitled matter.
15
16   s/ Sheri K. Ward                       3/25/2019
    Sheri K. Ward                          Date
17   Official Court Reporter
18                       - - -
19
20
21
22
23
24
25

*16-20414-13; U.S.A. v. Randy Stewart*